**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Sheida Hukman,<br>Plaintiff,<br>v.<br>Westward Dough Holding Co., LLC,<br>Defendant. | Case No. 2:24-cv-00077-RFB-BNW<br><br>**ORDER** |

Before this Court is Pro Se Plaintiff Sheida Hukman's motion to strike Defendant Westward Dough Holding Co., LLC's (Westward) affirmative defenses. ECF No. 79. Westward responded. ECF No. 80. Hukman did not reply. The motion is denied, except that Westward's Fourth Affirmative Defense is deemed withdrawn.

## I. BACKGROUND

Hukman's only remaining claim is for retaliation under Title VII. ECF No. 71. Westward answered the amended complaint on March 26, 2026, asserting thirteen affirmative defenses. ECF No. 76.

Hukman moves to strike all affirmative defenses arguing that the defenses are boilerplate, unsupported by facts, and factually wrong, that they were filed in bad faith, and that the court should hold an evidentiary hearing. *Id.* Westward responds that each defense gives fair notice and that Hukman has shown no prejudice. Westward also offers to withdraw its Fourth Affirmative Defense without prejudice.

## II. LEGAL STANDARD

This Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to avoid spending time and money litigating spurious issues before trial. *Whittlestone, Inc. v. Handi-Craft Co.*, F, 973 (9th Cir. 2010). Motions to strike are disfavored, and courts in this

District often require the moving party to show prejudice before granting one. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013).

Hukman argues that affirmative defenses must satisfy the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). District courts, including courts in this district, have disagreed on that question. But the Ninth Circuit has continued to apply the fair-notice standard to affirmative defenses after *Twombly* and *Iqbal* were decided. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010). This Court follows that guidance. The text of the rules also supports this result. Rule 8(a)(2) requires a complaint to contain a statement "showing" that the pleader is entitled to relief, while Rules 8(b)(1)(A) and 8(c)(1) require only that a defendant "state" its defenses. *Sec. & Exch. Comm'n v. Markman Biologics Corp.*, No. 2:23-CV-00288-APG-DJA, 2024 WL 1075358 n.3 (D. Nev. Mar. 11, 2024).

Under the fair-notice standard, an affirmative defense is adequately pleaded if it gives the plaintiff fair notice of the defense. *Simmons*, 609 F.3d at 1023; *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice requires only that the defense be described in general terms; it does not require a detailed statement of facts. *Kohler*, 779 F.3d at 1019.

A defense that shows the plaintiff cannot meet her burden of proof is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). It is a denial. Because Hukman is pro se, this Court construes her motion liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. DISCUSSION**

Each of Westward's affirmative defenses gives fair notice of its nature, and those that are not true affirmative defenses are not subject to Rule 8(c) at all. Each category is addressed below. Independently, Hukman has not identified any concrete prejudice from the defenses. Her prejudice argument is that vague defenses will force her to guess at Westward's theories and to spend resources on discovery. But the defenses are not vague, and Rule 26 provides a remedy for discovery requests that go beyond what the claims and defenses in this case support.

Much of Hukman's motion also argues the merits. She contends that she did exhaust her administrative remedies, that she sued on time, that she never violated a workplace policy, and that she was fired because she complained. Those are factual disputes. A motion to strike is not the vehicle for resolving them. *See Whittlestone*, 618 F.3d at 973–75. Hukman may test these defenses through discovery and, if appropriate, summary judgment.

This Court briefly addresses the defenses by category.

**A. Exhaustion, statute of limitations, mitigation, and offset (Second, Third, Fifth, and Sixth Affirmative Defenses)**

These are true affirmative defenses, and each gives fair notice of its nature. Title VII's charge-filing requirement is a nonjurisdictional claim-processing rule that a defendant must raise or forfeit. *Fort Bend County v. Davis*, 587 U.S. 541, 550–52 (2019). A statement that the claims are barred by the applicable statute of limitations is sufficient notice of a limitations defense. *Wyshak*, 607 F.2d at 827. And the employer bears the burden of proving a failure to mitigate. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). Hukman's response to these defenses is that they are wrong on the facts. As explained above, that is a question for a later stage of the case.

**B. Defenses that are denials (First, Seventh, Eighth, Ninth, and Thirteenth Affirmative Defenses)**

The First, Seventh, Eighth, Ninth, and Thirteenth "Affirmative Defenses" are denials, not affirmative defenses. But calling them affirmative defenses does not change who bears the burden of proof or expand the issues in the case. They tell Hukman what Westward intends to contest, which is the purpose of an answer. Striking them would accomplish nothing.

**C. Faragher/Ellerth and reasonable care (Tenth, Eleventh, and Twelfth Affirmative Defenses)**

By Westward's own account, these defenses are directed at Hukman's discrimination and harassment claims, which have been dismissed, and are asserted to preserve them in case those claims are reasserted. They therefore have no application to the retaliation claim as currently pleaded. This Court will not strike them, because their presence in the answer causes Hukman no prejudice. But they do not, on their own, make discovery into discrimination or harassment claims

that are no longer in the case relevant. If Hukman reasserts those claims in an amended pleading, Westward will answer that pleading.

**D. Waiver, estoppel, unclean hands, and laches (Fourth Affirmative Defense)**

Westward has offered to withdraw this defense without prejudice. This Court accepts the offer and deems the defense withdrawn. If discovery supports reasserting it, Westward may seek leave to amend its answer.

**E. Evidentiary hearing and Rule 11**

No hearing is necessary to resolve this motion. *See* LR 78-1. To the extent Hukman asks this Court to find that Westward pleaded its defenses in bad faith or to impose sanctions under Rule 11, a request for sanctions must be made by a separate motion and may not be filed until the opposing party has had 21 days to withdraw or correct the challenged paper. Fed. R. Civ. P. 11(c)(2). Nothing in the record suggests the defenses were asserted in bad faith.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Hukman's motion to strike (ECF No. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Westward's Fourth Affirmative Defense is deemed **WITHDRAWN** without prejudice to Westward seeking leave to amend its answer.

**IT IS FURTHER ORDERED** that Hukman's request for an evidentiary hearing is **DENIED**.

DATED: October 8, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE